Wayne **BERRY**, a Hawaii citizen,
Plaintiff—Appellant,

v.

Mark **DILLON**; et al., Defendants—
Appellees.

Wayne Berry, a Hawaii citizen,
Plaintiff—Appellant,

v.

Mark Dillon; et al., Defendants—
Appellees.

Wayne Berry, a Hawaii citizen,
Plaintiff—Appellee,

v.

Mark Dillon; et al., Defendants—
Appellants,

Melvin Ponce, Hawaii citizen; et al., Defendants—Appellants,

and

Fleming Companies, Inc., an Oklahoma Corporation; et al., Defendants,

v.

Guidance Software, LLC, a California LLC; et al., Defendants.

Wayne Berry, a Hawaii citizen,
Plaintiff—Appellee,

v.

Mark Dillon; et al., Defendants,

Sonia Purdy, Hawaii citizen;
et al., Defendants,

and

Post–Confirmation Trust, Defendant—
Appellant.

Nos. 06–16199, 07–15447,
07–15587, 07–15588.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2008.

Filed June 27, 2008.

Timothy J. Hogan, Esq., Lynch Ichida Thompson Kim & Hirota, Honolulu, HI, for Plaintiff–Appellant/Plaintiff–Appellee.

Pauahi Tower, Bronster Hoshibata, Honolulu, HI, for Defendants–Appellees.

Lex R. Smith, Esq., Kobayashi Sugita & Goda, Honolulu, HI, for Defendants–Appellees/Defendant–Appellant.

Michael E. Baumann, Esq., Kirkland & Ellis, LLP, Los Angeles, CA, for Defendant–Appellant.

Ann Teranishi, Thomas H.Y.P. Yee, Esq., Kobayashi Sugita & Goda, Margery S. Bronster, Bronster, Crabtree & Hoshibata, Honolulu, HI, John Patzakis, Esq., Guidance Software Inc., Pasadena, CA, Damian Capozzola, Kirkland & Ellis, LLP, Los Angeles, CA, Rex Fujichaku, for Defendants–Appellees/Defendants.

Lyle S. Hosoda, Esq., Christopher T. Chun, Esq., Lyle S. Hosoda & Associates,

Honolulu, HI, for Defendants–Appellees/Defendants/Defendants–Appellants.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

## MEMORANDUM *

### ORDER

Appeals no. 06–16199, 07–15447, 07–15587, and 07–15588 are hereby consolidated for disposition.

Wayne Berry (Berry) appeals the district court's summary judgment in favor of defendants-appellees [1] on his claims for copyright infringement, trade secret misappropriation, and violations of both the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Sherman Act. He also appeals the district court's denial of his request for a continuance, and motions for relief from judgment under Rule 60(a) of the Federal Rules of Civil Procedure, permanent injunctive relief, and attorneys' fees. Post Confirmation Trust and former employees of Fleming [2] appeal the district court's denial of their requests for attorneys' fees. We affirm.

*Willfulness*

■ Berry failed to raise a triable issue of material fact that any copyright infringement by defendants was committed "willfully" for purposes of 17 U.S.C. § 504(c)(2). The record supports the district court's conclusion that Fleming's former employees reasonably believed that they were acting within the scope of their agreement with Berry when they attempted to revert to the licensed version of Berry's Freight Control System (FCS). *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 959 (9th Cir.2001). Because the district court correctly concluded that the employees did not know that their creation and use of the dual database system constituted copyright infringement, their conduct did not amount to willful infringement. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n. 3 (9th Cir.1990). The district court did not err in holding that any copying by Guidance Software, Inc., or Michael Gurzi was done to preserve evidence for litigation, and is therefore "fair use" under 17 U.S.C. § 107. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 (9th Cir.1992).

*Copyright Infringement*

■ Berry failed to raise a triable issue of material fact that defendants' creation and use of the Excel spreadsheets infringed his copyrighted works. Berry's declarations and expert reports failed to carry his burden to identify with specificity the elements of his FCS which were protectable and copied in the Excel spreadsheets. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir.1994). Moreover, defendants' expert demonstrated that there were none. The data in FCS are not protectable, and therefore their importation into the Excel spreadsheets is not copyright infringement. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Defendants-appellees are (1) Post Confirmation Trust; (2) Brian Christensen, Mark Dillon, Teresa Noa, Justin Fukumoto, Melvin Ponce, Sonia Purdy, Alfredda Waiolama, and Jacqueline Rio; (3) C&S Wholesale Grocers, Inc., C&S Acquisition LLC, C&S Logistics LLC, ES3 LLC, and Richard Cohen; and (4) Guidance Software, Inc., and Michael Gurzi.

2. Former employees of Fleming for purposes of the cross-appeal are Mark Dillon, Teresa Noa, Justin Fukumoto, Melvin Ponce, Sonia Purdy, Alfredda Waiolama, and Jacqueline Rio.

U.S. 340, 347–48, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). While the " 'inverse ratio rule' " requires "a lower standard of proof of substantial similarity when a high degree of access is shown," it does not displace a plaintiff's burden under the extrinsic test to identify protectable, copied elements of his or her work. *See Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 485 (9th Cir.2000) (discussing the plaintiff's initial burden under the extrinsic test). Berry's End User License Agreement with Fleming is irrelevant to whether any of his works is protected under federal copyright law. *See Apple Computer,* 35 F.3d at 1442.

*Trade Secret Misappropriation*

■■■ Berry failed to raise a triable issue of material fact on his trade secret misappropriation claim. Berry failed either to identify any trade secret that had been misappropriated or to adduce evidence that any of his programs derived "independent economic value ... from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from [their] disclosure or use" under Hawaii Revised Statute § 482B–2. *See Teller v. Teller,* 99 Hawai'i 101, 53 P.3d 240, 247–48 (2002); *MAI Sys. Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 522 (9th Cir.1993). Because there was no evidentiary foundation for the trade secret misappropriation claim, the district court did not err in awarding attorneys' fees to the prevailing defendant on this claim. *See* Haw.Rev.Stat. § 482B–5(1).

*Rule 56(f)*

■■■ The district court did not abuse its discretion in denying Berry's request for a continuance to conduct further discovery under Rule 56(f) of the Federal Rules of Civil Procedure. Berry did not carry his burden of showing "what specific facts [he] hoped to discover" that would have supported his claims against any of the parties. *See Cont'l Mar. of San Francisco, Inc. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't,* 817 F.2d 1391, 1395 (9th Cir.1987).

*Rule 60(b)(3)*

The district court did not abuse its discretion in denying Berry's motion for relief from judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure. Berry failed to prove by clear and convincing evidence that any of the district court's rulings resulted from Christensen's misrepresentation because the district court held that Berry's infringement claim was limited to conduct that occurred after the March 6, 2003 jury verdict. *See Casey v. Albertson's, Inc.,* 362 F.3d 1254, 1260 (9th Cir.2004). The question whether Christensen was president before March 2003 was not relevant to Berry's lawsuit.

Nor was Berry prevented from fully and fairly presenting his case. Where an alleged fraud is "discoverable by due diligence before or during the proceedings," relief from judgment is inappropriate. *See id.* Here, Berry had evidence of the true date Christensen became president prior to trial.

*Permanent Injunction*

■■■ The district court did not abuse its discretion in denying Berry's request for a permanent injunction. The district court applied the test from *MAI Systems,* and denied injunctive relief because Berry failed to show any threat of continuing violations. *See* 991 F.2d at 520. Although the district court did not have the benefit of the Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391–93, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006), the district court's ruling is also correct under the four-factor test set forth in that decision. Berry failed to show any threat of continuing infringement, and

monetary damages would adequately compensate any past injury. *See id.* at 392, 126 S.Ct. 1837.

*Berry's Remaining Claims*

Any arguments related to Berry's claims for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), violations of the Sherman Act, conspiracy to commit copyright infringement, and contributory infringement were made in passing, and are not supported by any meaningful legal argument. Accordingly, they are waived. Fed. R.App. P. 28(a)(9); *Ghahremani v. Gonzales,* 498 F.3d 993, 997 (9th Cir.2007).

*Attorneys' Fees*

The district court did not abuse its discretion in denying Berry's request for attorneys' fees as a "prevailing party" under 17 U.S.C. § 505. "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Contrary to Berry's argument, the district court did not automatically deny his fee request because his ultimate recovery was less than he asked for; the district court recognized that it "may" consider the degree of success obtained, did so, and denied the fee request. While a district court *may* award fees where recovery is small, *Wall Data Inc. v. L.A. County Sheriff's Dep't,* 447 F.3d 769, 787 (9th Cir.2006), a district court does not abuse its discretion by not awarding them in such circumstances.

Regarding the cross-appeal, the district court did not apply the wrong legal test in determining that Berry was a "prevailing party" on his copyright infringement claim. While Berry might not have achieved the results he sought at the outset of the litigation, he was "awarded some relief by the court" on the single direct copyright infringement claim in his complaint. *See*

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Cross-appellants have not identified a case where the defendants were awarded attorneys' fees as the "prevailing party" for prevailing on sub-issues of a copyright infringement claim. *Florentine Art Studio, Inc. v. Vedet K Corp.,* 891 F.Supp. 532, 541 (C.D.Cal.1995), on which cross-appellants rely, is limited to situations "where plaintiffs pressed on with their lawsuits despite lacking any facially legitimate claims that would have justified continuing the action." *Berkla v. Corel Corp.,* 302 F.3d 909, 924 n. 15 (9th Cir.2002). By contrast, Berry did not lack a legitimate claim; Fleming and its employees were ultimately held liable for copyright infringement.

**AFFIRMED.**